IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KIM BARD, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>NATIONWIDE MUTUAL INSURANCE )<br>COMPANY, )<br>)<br>Defendant. )<br>) | Civ. No. 20-1733<br>Judge Nora Barry Fischer |

## MEMORANDUM OPINION

I. INTRODUCTION

In this case, Plaintiff Kim Bard ("Bard") brings a single claim of breach of contract seeking underinsured motorists benefits ("UIM") against Defendant Nationwide Mutual Insurance Company ("Defendant"). On September 9, 2021, the Court issued an Order to Show Cause on the parties to demonstrate why this case should not be dismissed for lack of subject matter jurisdiction, to be refiled in state court, because the policy submitted during summary judgment proceedings stated that the policy limits for UIM benefits is $50,000, making the amount in controversy less than the $75,000 threshold for diversity jurisdiction in this Court. (Docket No. 38). Presently before the Court are the parties' Responses to the Show Cause Order well as Defendant's Reply. (Docket Nos. 39; 40; 42). Plaintiff declined to submit a further reply by the October 4, 2021 deadline established by the Court. (*See* Docket No. 43). After careful consideration of the parties' positions and for the following reasons, the Court finds that it lacks subject matter jurisdiction over this matter and will dismiss it, without prejudice, to be refiled in state court.

## II. LEGAL STANDARDS

The Court first turns to the applicable legal standards. As noted previously, "[f]ederal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "They possess only that power authorized by Constitution or statute, which is not expanded by judicial decree." *Id.* (internal citations omitted). In every case, the Court has "an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(2).

> As the party invoking diversity jurisdiction, [Plaintiff] bears the burden to prove, by a preponderance of the evidence, that the amount in controversy exceeds $75,000. *Judon v. Travelers Prop. Cas. Co. of Am.*, 773 F.3d 495, 506–07 (3d Cir. 2014). But that burden is not especially onerous. In reviewing the complaint, "the sum claimed by the plaintiff controls if the claim is apparently made in good faith. It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal." *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288–89, 58 S.Ct. 586, 82 L.Ed. 845 (1938). "Accordingly, the question whether a plaintiff's claims pass the 'legal certainty' standard is a threshold matter that should involve the court in only minimal scrutiny of the plaintiff's claims." *Suber v. Chrysler Corp.*, 104 F.3d 578, 583 (3d Cir. 1997).
>
> In making that assessment, "[t]he temporal focus of the court's evaluation ... is on the time that the complaint was filed." *Id.; see also Kaufman v. Allstate N.J. Ins. Co.*, 561 F.3d 144, 152 (3d Cir. 2009) ("[U]nder a long-standing rule, federal diversity jurisdiction is generally determined based on the circumstances prevailing at the time the suit was filed."). Subsequent events cannot reduce the amount in controversy so as to deprive the district court of jurisdiction, *St. Paul Mercury Indem.*, 303 U.S. at 293, 58 S.Ct. 586, nor can later events increase the amount in controversy and give rise to jurisdiction that did not properly exist at the time of the complaint's filing.

*Auto–Owners Ins. Co. v. Stevens & Ricci Inc.*, 835 F.3d 388, 395–96 (3d Cir. 2016). "Dismissal is warranted, however, […] when a subsequent revelation clearly establishes that the plaintiff's claims never could have amounted to the sum necessary to support diversity jurisdiction." *Huber v. Taylor*, 532 F.3d 237, 244 (3d Cir. 2008) (further citations omitted).

III. DISCUSSION

Defendant maintains that this case should be dismissed for lack of subject matter jurisdiction because the amount in controversy is $50,000, which is the policy limits for UIM coverage under Plaintiff's policy. (Docket No. 42). Plaintiff concedes in her Response to the Court's Order to Show Cause that the UIM policy limits applicable to her claim is $50,000 and that she reached a settlement with the tortfeasor in the underlying action for the tortfeasor's policy limits of $100,000. (Docket No. 40). However, Plaintiff argues that the amount in controversy here exceeds the $75,000 jurisdictional threshold because she must prove that she sustained tort damages of $150,000 in order to recover the UIM policy limits of $50,000. (*Id.*). Plaintiff continues that "[i]f there is a cap on the valuation of this claim, it is $150,000, not $50,000." (*Id.*). Plaintiff has not cited any case law which construes the amount in controversy so broadly. (*Id.*). Having considered the parties' arguments, the Court agrees with Defendant that the amount in controversy in this case is $50,000 such that it must be dismissed, without prejudice, for lack of subject matter jurisdiction.

To that end, several federal courts have considered the issue and found that the amount in controversy does not exceed the jurisdictional threshold where the policy limits are at or below the jurisdictional amount. For example, in *Brewster v. Geico*, the U.S. District Court for the Northern District of Alabama held that, "[b]ecause Plaintiff's policy only allows recovery up to $75,000 and no more, the fact that his total damages might be above the jurisdictional limit cannot satisfy the

required jurisdictional limit." 2018 U.S. Dist. LEXIS 13009 at *2 (N.D. Ala. 2018). Likewise, in rejecting the same argument made by Plaintiff in the present matter, the U.S. District Court for the Southern District of Alabama noted that, "[w]hen suit is brought on a policy of insurance to recover policy benefits, with no additional claims (such as bad faith or duty to defend), the amount in controversy cannot be higher than the policy limits, however great the plaintiff's damages may be." *Holcomb v. Geico Casualty Company*, 2020 U.S. Dist. LEXIS 70392, *2 (S.D. Ala. 2020); *see also Ashworth v. Bristol West Insurance Company,* 2013 U.S. Dist. LEXIS 141466 (E.D. Mo. 2013) (no subject matter jurisdiction where coverage limits for UIM benefits was $50,000, which is clearly below the $75,000 jurisdictional threshold).

The Court also finds the U.S. Court of Appeals for the Third Circuit's decision in *State Farm Mutual Automobile Insurance v. Powell*, 87 F.3d 93 (3d Cir. 1996), to be instructive. In that case, following an automobile accident, the insured recovered the policy limits of $25,000 from the tortfeasor's automobile insurance policy, then sought to recover additional UIM benefits from his own insurance company. *Powell*, 87 F.3d at 95. The ultimate issue to be decided was whether the insured could stack UIM benefits from two policies, with each policy providing $50,000 of UIM coverage. *Id*. Notably, the jurisdictional threshold at the time required the amount in controversy to exceed $50,000, pursuant to the then-existing provisions of 28 U.S.C. § 1332(a). *Id.* at 94-95. Because State Farm conceded that the insured was at least entitled to recover $50,000 of UIM benefits under the first policy, the Court of Appeals held that the amount in controversy was $50,000, which was the policy limits for UIM benefits under the second policy. *Id*. at 97. Consequently, the amount in controversy was found not to exceed the then-existing $50,000 jurisdictional threshold required for diversity jurisdiction and the case was remanded to the district court to be dismissed for lack of subject matter jurisdiction. *Id.*

Following this authority, this Court concludes that Plaintiff's maximum potential recovery in this case equals the $50,000 policy limits of UIM benefits under her policy with Defendant. As a result, the amount in controversy does not exceed the $75,000 jurisdictional threshold under 28 U.S.C. § 1332(a) and the Court must dismiss this matter for lack of subject matter jurisdiction. *See Huber*, 532 F.3d at 244 ("Dismissal is warranted, […] when a subsequent revelation clearly establishes that the plaintiff's claims never could have amounted to the sum necessary to support diversity jurisdiction.").

IV. CONCLUSION

Based on the foregoing, Plaintiff's Complaint is DISMISSED, without prejudice, to be refiled in state court. An appropriate Order follows.

*s/Nora Barry Fischer*
Nora Barry Fischer
Senior U.S. District Judge

Dated: October 19, 2021

cc/ecf: All counsel of record.